IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IRVING OGNER,<br><br>    Plaintiff,<br><br>    vs.<br><br>M/V KILOHANA, O.N. 1208577, her engines, machinery, furniture, equipment, and appurtenances, *In Rem*; and DAVID E. THOMAS, *In Personam*;<br><br>    Defendants. | CIV. NO. 17-00352 JMS-RLP<br><br>ORDER DENYING DEFENDANT DAVID E. THOMAS' MOTION TO DISMISS, ECF NO. 20 |

### ORDER DENYING DEFENDANT DAVID E. THOMAS' MOTION TO DISMISS, ECF NO. 20

### I. INTRODUCTION

Before the court is Defendant David E. Thomas' ("Thomas") Motion to Dismiss Plaintiff Irving Ogner's ("Ogner") First Amended Verified Complaint ("FAC"), ECF No. 10, for lack of subject-matter jurisdiction. ECF No. 20. For the reasons discussed below, the court finds that it has admiralty jurisdiction over this action and therefore DENIES the Motion to Dismiss.

### II. BACKGROUND

**A.    Factual Background**

As alleged in the FAC, Ogner, Thomas, and Johnny Antoon ("Antoon") entered into an oral agreement (the "Agreement") in 2007 to form a

partnership to acquire, maintain, and use the M/V Kilohana, O.N. 1208577, a United States Coast Guard documented vessel (the "Vessel"). FAC ¶ 7. Pursuant to the Agreement, the partners would each own a one-third interest in the Vessel and be responsible for one-third of the expenses for maintaining, insuring, and mooring the Vessel. *Id.* The Vessel was initially moored in Florida where Antoon resided. *Id.* Antoon withdrew from the partnership in 2010, *id.*, and on May 7, 2010, title to the Vessel was recorded in the name of "Irving Ogner and David E. Thomas, JTRS." FAC Ex. "A" at 3, ECF No. 10-2. The parties now dispute their percentage ownership interest in the Vessel. FAC ¶ 11.

In 2010 Thomas borrowed approximately $200,000, using the Vessel as collateral, to prepare and ship the Vessel to Hawaii. *Id.* ¶ 9. The parties further dispute whether Thomas or the partnership is responsible for the costs of shipping and maintaining the Vessel in Hawaii. To convince Ogner to allow the Vessel to be shipped to Hawaii, Thomas agreed to be solely responsible for shipping costs and all future costs of maintaining, insuring, and mooring the Vessel, which he would and did use as a residence in Hawaii. *Id.* ¶ 10. Thomas now contends that costs for shipping and maintenance are the responsibility of the partnership and that he is owed approximately $145,715.46. *Id.* The current market value of the Vessel is estimated to be $208,000. *Id.* ¶ 14.

The parties' disagreement over the management, use, and buyout or sale of the Vessel is irreconcilable. *Id.* ¶ 12. Thus, Ogner filed the instant action for partition pursuant to Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for sale of the Vessel, and for an accounting. *Id.* ¶¶ 15-19. Ogner seeks the sale of the Vessel, an award of sale proceeds in proportion to his ownership interest, reimbursement from sale proceeds for costs incurred with the Vessel's arrest and custody, an injunction requiring Thomas to disclose the partnership's financial records, and distribution of partnership assets pursuant to the Agreement. *Id.* ¶¶ E-H.

**B.    Procedural Background**

Ogner filed a Verified Complaint against the Vessel, *in rem*, and Thomas, *in personam*, on July 21, 2017, ECF No. 1, and the FAC on August 1, 2017, ECF No. 10. On August 2, 2017, the court issued a Warrant for Maritime Arrest of the Vessel, ECF No. 15, and an Order Appointing Substitute Custodian, ECF No. 16. The Warrant was served and the Vessel taken into custody on August 9, 2017. ECF No. 17. On August 23, 2017, Thomas filed a Verified Statement of Interest for the *in rem* Defendant Vessel. ECF No. 19. On August 30, 2017, Thomas filed the instant Motion to Dismiss for lack of subject-matter jurisdiction. ECF No. 20. Ogner filed an Opposition on November 8, 2017, ECF No. 31, to which Thomas did not file a Reply. The Motion was heard on November 29, 2017.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject-matter jurisdiction. The court may determine jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a Rule 12(b)(1) motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." C*asumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

A Rule 12(b)(1) challenge may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the court may dismiss a complaint when the allegations of and documents attached to the complaint are insufficient to invoke subject-matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When the jurisdictional challenge is facial, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

This presumption of truthfulness does not extend to legal conclusions, "even if cast in the form of factual allegations." *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (quotation and citation omitted).

In a factual attack, the challenger "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. When determining a factual attack, the court "relies on affidavits or any other evidence properly before [it] to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014) (internal quotation marks, brackets, and citation omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citation omitted).

Although Thomas styles his motion as a factual challenge, he fails to present any evidence whatsoever to contradict the factual allegations in the FAC and thus convert the motion to a factual challenge. *See id.* The proper analysis is a facial challenge.

///

///

## IV. **DISCUSSION**

Thomas contends that the Agreement "is not maritime in nature and thus does not invoke the admiralty jurisdiction of this Court." Mot. at 3. Thomas is mistaken. His argument fails to recognize a separate basis for admiralty jurisdiction.

Pursuant to 28 U.S.C. § 1333(1), federal district courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction[.]" Courts have long held that admiralty jurisdiction extends to disputes over title (petitory actions) and possession (possessory actions) of a vessel. *Ward v. Peck*, 59 U.S. 267, 267 (1855); *see also Schatek v. Tsui*, 2010 WL 5169006, at *1 (E.D. Cal. Dec. 14, 2010); *Matsuda v. Wada*, 128 F. Supp. 2d 659, 669 (D. Haw. 2000) (citing cases). That is, "courts have admiralty jurisdiction over petitory and possessory claims as to vessels regardless of the presence of a maritime contract or maritime tort." *Matsuda*, 128 F. Supp. 2d at 670 (citing *Hunt v. A Cargo of Petroleum Prods. Laden on the Steam Tanker Hilda*, 378 F. Supp. 701, 703-04 (E.D. Pa. 1974)).

And in 1954, the Supreme Court declared actions to partition vessels to be within the courts' admiralty jurisdiction, holding that "the power of admiralty, as Congress and the courts have developed it over the years, is broad enough for United States district courts to order vessels sold for partition."

6

*Madruga v. Superior Court*, 346 U.S. 556, 560 (1954). *Madruga* "removed any doubt as to the jurisdiction of the district courts to partition a vessel," and resolving a split of authority, held that the remedy of partition was not limited to disputes between owners of equal shares in a vessel. Fed. R. Civ. P. Suppl. R. Adm. or Mar. Claims, Rule D advisory committee's note. An essential requirement for petitory, partition, and possessory claims, therefore, is the existence of legal title, not merely equitable title, to the vessel. *See Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht*, 625 F.2d 44, 47 (5th Cir. 1980) ("[S]uccess in an admiralty petitory action would require proof of legal title[.]"); *see also Matsuda*, 128 F. Supp. 2d at 669 ("In order to bring a petitory suit [to try title to a vessel], the Plaintiff must assert legal title to the vessel.") (citation omitted); *Percy v. Suchar*, 2001 WL 228434, at *3 (D. Me. Mar. 8, 2001) (finding that the court lacked admiralty jurisdiction over partition action where plaintiff alleged equitable ownership interest, but not legal title, to the vessel).

   Here, the FAC alleges that both Ogner and Thomas own legal title to the Vessel and that such title is recorded with the United States Coast Guard . *See* FAC ¶ 11; *see also* FAC Ex. "A" at 3. The FAC seeks to resolve a title dispute over the percentage of each party's ownership interest and partition of the Vessel. This is sufficient to invoke federal admiralty jurisdiction. Thus, the court's

7

jurisdiction does not depend on whether the Agreement is or is not a maritime contract.

Even if the Agreement is not a maritime contract (an issue the court need not resolve) — and therefore would not by itself confer admiralty jurisdiction — the court may exercise supplemental jurisdiction over Ogner's claim for an accounting of partnership finances pursuant to 28 U.S.C. § 1367. *See Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1220 (9th Cir. 2007) (applying supplemental jurisdiction to admiralty jurisdiction).

"Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction and there is 'a common nucleus of operative fact between the state and federal claims.'" *Maizner v. Haw. Dep't of Educ.*, 405 F. Supp. 2d 1225, 1241 (D. Haw. 2005) (quoting *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (citations omitted)). Here, the FAC alleges that under the Agreement, the partners would own equal shares of the Vessel and share equally the expenses incurred in "maintaining, insuring, and mooring the Vessel." *Id.* Ogner's claim for an accounting of partnership finances shares "a common nucleus of operative fact" with his claim for partition of the Vessel. Thus, the court exercises supplemental jurisdiction over this claim.

## V. CONCLUSION

Based on the foregoing, the court finds that it has admiralty jurisdiction over this action. Accordingly, the Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 29, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Ogner v. M/V Kilohana, O.N. 1208577, et al.*, Civ. No. 17-00352 JMS-RLP, Order Denying Defendant David E. Thomas' Motion To Dismiss, ECF. No. 20