IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETRA STETT OGNER as Trustee of the IRVING D. OGNER TRUST, dated January 27, 1995, Amended and Restated In Entirety on January 22, 2015,<br><br>  Plaintiff,<br><br>   vs.<br><br>M/V KILOHANA, O.N. 1208577, her engines, machinery, furniture, equipment, and appurtenances, In Rem; and DAVID E. THOMAS, In Personam,<br><br>  Defendants.<br>_____ | CIVIL NO. 17-00352 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REIMBURSEMENT OF ADMINISTRATIVE EXPENSES |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR REIMBURSEMENT OF ADMINISTRATIVE EXPENSES[1]

Before the Court is Plaintiff's Motion for Reimbursement of Administrative Expenses, filed on July 30, 2018 ("Motion"). ECF No. 64. Defendant David E. Thomas filed his Opposition on August 13, 2018. ECF No. 67. On that same day, Defendant Thomas filed a Suggestion of Death of Plaintiff Irving Ogner and Motion to Substitute Proper Party. See ECF No. 66. The Court directed Defendant Thomas to serve the Suggestion of

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Death as required by Federal Rule of Civil Procedure 25(a)(3) and deferred decision on the pending Motion until the issue of substitution had been resolved.  ECF No. 69.  On October 9, 2018, the Court approved the parties' stipulation substituting Petra Stett Ogner as Trustee of the Irving D. Ogner Trust, dated January 27, 1995, Amended and Restated In Entirety on January 22, 2015, as Plaintiff in this action.  ECF No. 72.  The Court found the pending Motion suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  ECF No. 65.  After careful consideration of the parties' submissions and the relevant authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED.

## BACKGROUND

In Rem Defendant M/V KILOHANA O.N. 1208577 ("the Vessel") is a 50 foot, 38 gross ton, United States Coast Guard documented vessel.  ECF No. 10 ¶ 4.  Plaintiff and Defendant Thomas each own a fifty percent ownership interest in the Vessel.  Id. ¶ 6.  Plaintiff filed this partition action pursuant to Rule D of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions requesting that the court issue a warrant for the arrest of the Vessel, appoint a substitute custodian, grant partition, sell the Vessel, and award the sale proceeds in proportion to the parties' ownership interests.  Id. at 6-7.

On August 2, 2017, this Court issued a Warrant for Maritime Arrest of the Vessel. ECF No. 15. On that same day, the Court also issued an Order Appointing Substitute Custodian and Providing for Custodia Legis Expenses After Arrest ("Substitute Custodian Order"), which appointed Mark Knutson Substitute Custodian of the Vessel. ECF No. 16. The Order provided that Mr. Knutson shall furnish all routine services and supplies to the Vessel, including insurance, and that the charges for such services and supplies shall be allowed as administrative expenses and shall have priority over any and all liens. Id. at 3-4.

The Vessel was placed under arrest by the United States Marshal on August 9, 2017. ECF No. 17. Notice of the lawsuit and the Vessel's arrest was provided to the recorded holder of a mortgage on the Vessel on September 5 and October 24, 2017. ECF No. 42-5. The mortgage holder did not file a claim or statement of interest.

Defendant Thomas was served with the Summons and First Amended Verified Complaint on August 15, 2017. ECF No. 18. On August 23, 2017, Defendant Thomas filed a Verified Statement of Interest asserting an ownership interest in the Vessel and a right to possession. ECF No. 19. Defendant Thomas then filed a Motion to Dismiss, which was denied. ECF Nos. 35, 36. Defendant Thomas filed his Answer and Counterclaim on December 12, 2017, which Plaintiff answered on December 29, 2017. ECF Nos. 39, 41.

On December 6, 2017, Plaintiff published notice of the arrest in the Honolulu Star-Advertiser, in accordance with Supplemental Rule C(4).  ECF No. 40.  In accordance with Supplemental Rules C(4) and C(6)(a) the deadline for filing a claim or statement of interest has passed.  No other claims or statements of interest have been filed.

On February 14, 2018, the Court issued an Order authorizing the immediate sale of the Vessel, via auction conducted by the United States Marshal.  ECF No. 49.  The Vessel was sold on March 16, 2018, for $69,000, and the sale was confirmed by the Court on March 23, 2018.  ECF No. 57.

During the seven months the Vessel was in the custody of Mr. Knutson, Plaintiff incurred and/or paid $47,373.86 in administrative expenses related to the arrest and keeping of the Vessel as follows:

<u>Marshals' Fees</u>

| | |
|---|---|
| Service of Process (arrest of Vessel) | $   133.18 |
| Service of Process (sale of Vessel) | $   130.00 |
| Service of Process (release of Vessel) | $    85.00 |
| Insurance | <u>$6,728.00</u> |
| *Subtotal* | *$7,076.18* |

<u>Other Expenses</u>

| | |
|---|---|
| Arrest and Inventory by Mr. Knutson | $ 1,200.00 |
| Custodial Fees | $17,175.00 |
| Port Risk Insurance Premiums | $ 1,250.00 |

|  |  |
|---|---|
| Slip Fees | $15,586.39 |
| General Excise Tax | $ 1,676.58 |
| Legal Advertising (notice of arrest) | $   547.64 |
| Legal Advertising (notice of sale) | $ 2,492.16 |
| Replacement of Antenna | $   369.91 |

*Subtotal  $40,297.68*

In the present Motion, Plaintiff asks the Court to order reimbursement of these expenses. ECF No. 64. Defendant Thomas does not object to a finding that Plaintiff is entitled to the requested administrative expenses. ECF No. 67 at 6. However, Defendant Thomas objects to payment of such expenses due to Plaintiff's death in May 2018, and Plaintiff's counsel's failure to substitute a proper party. Id. Defendant Thomas requests that the Court order that such funds be attached and remain in the Court's possession until all claims in this action have been adjudicated due to the potential inability of Plaintiff to satisfy any judgment rendered against Plaintiff on Defendant's counterclaims. Id. at 7-10.

## DISCUSSION

Based on the information submitted by Plaintiff, the $47,373.86 in administrative expenses incurred by Plaintiff were necessary to preserve and/or maintain the Vessel while under arrest. First, Plaintiff incurred $7,076.18 in Marshals' fees. Plaintiff was charged $348.18 for service of process and $6,728.00 for insurance. ECF No. 64-1 at 3-4. These expenses

5

were required in order to carry out the arrest and eventual sale of the Vessel and inure to the benefit of all potential claimants.  Second, Plaintiff incurred $40,297.68 in additional expenses that were necessary to preserve and maintain the Vessel. These expenses include arrest and inventory fees, custodial fees, port risk insurance, slip fees, taxes, legal advertising, and costs for replacement of an antenna.  ECF No. 64-1 at 3-4.  The Court finds that these additional expenses were unavoidable and a necessary part of the arrest, keeping, and sale of the Vessel.

Second, the Court finds that Defendant Thomas has failed to establish that attachment is appropriate.  In the Substitute Custodian Order, the district court expressly ordered that the custodial expenses incurred would be given priority and would be satisfied first when the Vessel was sold.  See ECF No. 16 at 4.  Although attachment is permissible under Hawaii law if there has been a clear showing of a debtor-creditor relationship, Defendant Thomas has failed to make the required showing.  See Frank F. Fasi Supply Co. v. Wigwam Inv. Co., 308 F. Supp. 59, 64 (D. Haw. 1969).  The Counterclaim filed by Defendant Thomas against Plaintiff alleges that the parties entered into a partnership or joint venture related to the ownership and maintenance of the Vessel and that certain sums are owed to Defendant Thomas pursuant to that agreement.  See ECF No. 39. Although Defendant Thomas' allegations may be sufficient to support his claim for breach of contract, these allegations are

insufficient to show a debtor-creditor relationship.  See Vazquez v. Ctr. Art Gallery, 485 F. Supp. 1015, 1018 (D. Haw. 1980) (holding that attachment was unavailable in an action alleging breach of a contractual relationship related to the sale of art because there was no debtor-creditor relationship).

Accordingly, the Court FINDS AND RECOMMENDS that Plaintiff's Motion for Reimbursement of Administrative Expenses be GRANTED.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Reimbursement of Administrative Expenses be GRANTED as follows:

1. Plaintiff is entitled to reimbursement of administrative expenses in the amount of $47,373.86.

2. The Clerk of Court shall be ordered to reimburse Plaintiff out of the sale proceeds from the Vessel, which were deposited with the Clerk of Court.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, OCTOBER 16, 2018.



Richard L. Puglisi
United States Magistrate Judge

**OGNER V. M/V KILOHANA, O.N. 1208577, ET AL.;** CIVIL NO. 17-00352 JMS-RLP; **FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REIMBURSEMENT OF ADMINISTRATIVE EXPENSES**